Good morning, everyone. All right. We have a number of matters that have been submitted on the briefs and record. So there's two cases on calendar for argument this morning. The first one is Ranza v. Nike. Good morning. May it please the Court, Damian Munsinger for Plaintiff Appellant Loredana Ranza. I'd like to reserve two minutes for rebuttal. This case is about what should happen when a defendant argues that forum nonconvenience requires a case to be heard in the Netherlands instead of Oregon, and then argues to the Netherlands that its court lacks jurisdiction and it would be too burdensome and expensive to require witnesses from Oregon to participate, denying a hearing on the merits in the forum to which this Court dismissed the case under the grounds of forum nonconvenience. Can I ask a question? I don't understand why any of this is relevant, because the earlier opinion in this Court already found that there was an adequate forum, and that wasn't the additional case. It was the case that already occurred. I understand that you may disagree that that was an adequate forum, but the Ninth Circuit held that it was an adequate forum. So why are we worrying about another adequate forum? Well, the reason that we're worrying about another adequate forum is because in the original Ninth Circuit decision—so you're referring to the ETC? Yes, what the earlier Court said. Well, we would contest that that was an appropriate adjudication. I understand that, but it's over. It was decided by the Ninth Circuit. Sure. And Gutierrez, which was also decided by the Ninth Circuit, tells us that where intervening facts or developments occur, it is appropriate to remand back to the District Court for a hearing on whether or not the forum nonconvenience decision was appropriate. I don't think that your talking about intervening has anything to do with that ETC proceeding. It has to do with a different proceeding that you think should also be allowed. You don't have to have two adequate forums. You only have to have one adequate forum. And our position is that the ETC was not an adequate forum because— I understand that. That's your position. But the Ninth Circuit held that it was an adequate forum. Well, we think that it should be important for the Ninth Circuit to consider developments since then in order to evaluate whether the forum nonconvenience decision was appropriate. And what happened since then affects whether the ETC was an adequate forum. What happened since then was the plaintiff appellant followed the Ninth Circuit's orders in its first decision on this case, went to the Netherlands— No. The Ninth Circuit's order was you already went to the Netherlands. It's all over. But the Ninth Circuit's first decision also dismissed forum nonconvenience against— Forum nonconvenience because you already had an adequate forum, not because you might have one in the future. Well, our position would still remain that the ETC was not an adequate forum for these claims to be heard. So why isn't it untimely for you to raise whatever arguments you want to raise about the ETC not being an adequate forum? That ended a long time ago. So whatever arguments you had, setting aside the issue that we had said that that wasn't available, an adequate forum, whatever arguments you had that it wasn't should have been brought well before now. So isn't it too late? It's not too late because we are pursuing against Nike, and Nike was not amenable to suit or process in the Netherlands. But that's an adequate—I don't understand. Did you sue Nike this time and the second time? So there were two defendants in this case, Nike and a wholly-owned subsidiary. And then this appeal is saying that the plaintiff appellant should have an opportunity to litigate her claims on the merits against Nike. Nike was not a participatory firm. But once again, that's contesting the earlier decision. It is contesting the earlier decision. I'm sorry, what? Yes, it is. That's correct. As to who the defendant was as well? Well, I don't believe that Nike was a party in the ETC. But it was a party in the earlier Ninth Circuit case. Nike was a—yes. And that's the decision in which the Ninth Circuit dismissed Nike on the grounds of forum nonconvenience. Right. So it already decided that Nike had an adequate forum. Maybe it didn't because maybe it couldn't be sued in the Netherlands, but that should have been contested a long time ago. Well, Gutierrez instructs us that when a court dismisses a party for forum nonconvenience purposes, and then it turns out that the party is not able to get a hearing on the merits in a foreign jurisdiction, that then the matter should be remanded to probably the district court for fact-finding purposes in order to determine whether or not it actually was an adequate forum. Here we had a dismissal on the grounds of forum nonconvenience without any conditions or return clauses, which are typically used to prevent defendants from saying here, this is not an adequate forum. We're going to argue for this forum, impliedly stating that this is a forum where the merits should be debated. And because of the lack of a returns or conditions clause, then the same parties are saying in this jurisdiction— But again, the reason there was no— I mean, I don't know whether it was wise for the Ninth Circuit to have decided what it decided in a way without, you know, when the district court had to decide. But that's what it did. And again, because it decided that the adequate forum had already been exhausted, there was no reason for a conditions clause. But it already occurred. Our argument is that there are questions of fact that have developed since the Ninth Circuit's last decision. All right. What are the questions of fact? The questions of fact are the defendant's appellee's behavior in the other forum, where they went to argue that this forum also does not have jurisdiction. Well, no. Actually, all they said, as I understand it, most of the witnesses are in the Netherlands. And the second time, they said some of the witnesses are in Oregon. Those are not contradictory statements. And that's it. That's all you've got. Is that right? Well, no. We brought a Rule 60B motion. I understand. But the basis of it was that they contradicted themselves. And that's not contradictory, is it? The basis of it was, yes, that they contradicted themselves. Is that contradictory, to say most of the witnesses are in the Netherlands, but some of them are in Oregon? Well, I think whether that may or may not be a contradiction, but certainly to say, this court lacks jurisdiction in the United States, we should go to the Netherlands, and then tell the Netherlands that they lack jurisdiction, sort of puts the defendants in a position of unclean hands and deny them equitable relief. And in our briefing, what we say is that this plaintiff appellant should be able to have a briefing on the merits on her case, which has not yet occurred. And with that, I'm going to reserve the remainder of my time for rebuttal. All right. Thank you. Good morning. May it please the court, my name is Laura Rosenbaum of Stoll Reeves. I'm here on behalf of Defendant Appellee Nike, Inc. I think the first important thing for the court to recognize in this case is the distinction between the two parties who were the defendants in the original case, Nike, Inc., and Nike European Operations Netherlands. And the fact that they are two separate and distinct entities, not one company, was an issue that was reviewed and decided by the Ninth Circuit in the original case. The court is correct in seeing that the forum non-convenience question was already addressed by the Ninth Circuit in the original proceeding in this case. It was already reviewed, it was already decided, and plaintiff appears in this appeal to be asking the court to revisit that forum non-convenience decision. But he's right that there are circumstances in which one would do that. If you had a future-looking forum non-convenience determination and it turned out that the putatively convenient forum didn't exist, was not an adequate forum, you might be able to come back and bring a 60p motion saying, well, look, you thought that this was an adequate forum, but in fact they wouldn't entertain the case or something like that. But that's... I mean, I found your briefs, frankly, not all that helpful because you were treating the case as if that was what was going on here and arguing that he, for various reasons, couldn't go forward. But that's not what was going on here because the Ninth Circuit had already decided that not only was there a convenient forum, but that it had already been used. I think that the Ninth Circuit did decide that there was already a convenient forum and that it had been used, but I think the issues now on appeal are much more narrow. The only two issues before the court are whether the present Rule 60b-6 motion was brought within a reasonable time and whether there was... A time from what? A reasonable time from when Plaintiff was aware of the fact that she thought the forum was not available to her. And when was that? The district court made a finding that the plaintiff was aware by July of 2016 when she filed against Neon in the Dutch forum that she was not planning to pursue any action against Nike, Inc. in the Dutch forum. And at that time, she either knew or had made the determination that Nike, Inc. could not be sued in the Netherlands. And the district court concluded that because she was aware of that as of July 2016... of the Ninth Circuit decision. She also was aware as of the Ninth Circuit decision. That's why I think in this case it's been made more complicated than it needs to be. I think that that's an alternative basis to affirm the district court's ruling that an alternative forum was already made available and the Ninth Circuit made that ruling in its original decision. I agree with that, Your Honor. I think the second issue beyond the timing is the question of whether there was fraud on the court and Ms. Ronza and her attorney do not make out any case close to establishing fraud on the court. We vehemently deny that there were any material misrepresentations or misrepresentations of any kind made in the lower court proceeding. The district court overlooked that issue and turned straight to whether there was any impact of those decisions and whether Ms. Ronza was aware of the alleged fraud at the time of... at an earlier point in time during the underlying proceeding. And the district court correctly concluded in our view that both she was aware of the alleged fraud during the underlying proceeding and therefore could not raise the issue now under Rule 60D and also that the alleged fraud did not make any material impact on the outcome of the forum nonconvenience analysis. I also agree, Judge Berzon, with your comment earlier that there is no fraud, that the statements that witnesses were available at different points in time in different locations were not inherently contradictory and do not establish any type of misrepresentation. If there are not further questions, we do think that the issues in this case are fairly narrow and fairly straightforward. Plaintiff did have an opportunity to very fully litigate this case during the original proceedings, which started back in 2010. The district court and the Ninth Circuit at that time found that she had had an adequate forum already to review her case in the Netherlands against Nike, Inc., and that conclusion, there's no reason to revisit it now. Any effort to do so is not permitted either by Rule 50... excuse me, Rule 60B6 or Rule 60D3 under the arguments that Ms. Ronza set forth. All right, thank you, counsel. Thank you. Thank you, Your Honor. In rebuttal, I would just like to state that nothing in the Ninth Circuit opinion originally in this case from 2015 indicates that Nike was a party to the ETC proceedings. But the reason we dismissed... I mean, the reason we dismissed or affirmed the dismissal of Nike on the basis of forum nonconvenience was because of the ETC proceeding, right? So whether or not Nike was involved in that, we seem to think that it was an adequate forum for getting relief against Nike. So maybe we were wrong if Nike wasn't a party to it, but that was something to raise in 2015, right? A forum nonconvenience dismissal, to our understanding, is not any sort of decision on the merits, but just that a different forum would be appropriate. Now, when the courts typically use things like return clauses and control clauses, there's definitely contemplation that if you proceed in this forum, which we have sort of provisionally deemed adequate,  or you don't have a hearing on the merits, then you are allowed to return to the original forum. Right, but maybe this is repeating the point that Judge... This is repeating the point that Judge Berzon made earlier. We weren't contemplating that you would proceed against Nike and the ETC. We were saying that you already had proceeded in the ETC, right? So it wasn't... Our 2015 decision did not contemplate that you would do anything else in the Netherlands. It was just looking at what had already happened there, right? Our position is that the dismissal via forum nonconvenience is a statement that an alternative forum is available. We don't read the Ninth Circuit's previous decision to say that this forum is available and you can have no further proceedings here. That would seem to me to be a different dismissal than a forum nonconvenience dismissal. Except it seems to be exactly what was said. Well, you know, TCI Group, which was not examined in the first Ninth Circuit decision, counsels that where no decision has been made on the merits in an alternative forum, then a right of return to the original forum, in this case that would be the United States forum, should be granted. And finality is less of a... The Ninth Circuit said the Dutch Equal Treatment Commission is an adequate alternative forum and it has already considered and rejected Ranz's claims. Against NEON. I didn't say that. And so as counsel... And the issue was... The... Well, the dismissal against NEON was for lack of personal jurisdiction, so they were only talking about Nike at the point of the... when they were talking about the forum nonconvenience. So they had to be talking about Nike. Your Honour is absolutely right, that they were talking about Nike in regards to forum nonconvenience and NEON was... or Nike, excuse me, was not a party to the ETC proceeding. So maybe they were wrong. Perhaps, though I hesitate to say it. Well, that's why I asked why, on the question of timeliness, it's timely. Because I think part of the reason why we seem to be talking past each other is that when you look at the question of timeliness, it's timeliness from what? The party's briefing in the district court treats timeliness as of the conclusion of the subsequent Dutch proceedings, but I think it has to date back to the Ninth Circuit ruling, and it's been years now. So whatever arguments you had that the ETC was not an alternative forum, trying to bring it now is not timely. So what's your response to that? My response to that is that, again, Nike was not a party to the ETC forum, and so the arguments as to timeliness against Nike I think are on a sort of parallel track in regards to the timeliness of the ETC decision and the current appeal. All right, we've got the argument. Thank you very much, both sides. The matter is submitted.
judges: BERZON, NGUYEN, MILLER